**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 2:24-mj-01794 |
| | * | |
| MOHAMAD HAMAD, | * | |
| | * | |
| Defendant. | * | Hon. Kezia O. L. Taylor |
| | * | |

**DEFENSE'S MOTION FOR PROPOSED LANGUAGE FOR CONDITIONS OF PRETRIAL RELEASE**

Mohamad Hamad ("Mr. Hamad"), through his counsel respectfully submits the proposed language to be used as part of his conditions for pretrial release. In support, he states the following:

**Procedural History**

1. On November 6, 2024, a preliminary and evidentiary hearing for modification of conditions for pretrial release were held in the above-captioned case.

2. After argument, this Honorable Court directed the parties to confer and submit proposed language to the Court for the purpose of amending condition 7(u). *See* Doc. 17; *see* also Doc. 30.

3. On November 8, 2024, the government submitted the following proposed language:

> The defendant shall not possess, view, access, or otherwise use material that reflects extremist or terroristic views without the permission of the assigned probation officer. Extremist or terroristic material includes, but is not limited to websites, videos, magazines, articles, books, writings, photographs, pictures, and graphics produced by or in support of any Foreign Terrorist Organization (FTO), as designated under 8 U.S.C. § 1189, including HAMAS, or that supports the use of violence to intimidate or coerce a civilian population or a government. See state.gov/foreign-terrorist-organizations/. The defendant shall

Case 2:24-mj-01794-MPK    Document 33    Filed 11/13/24    Page 2 of 3

furthermore not use any platform that offers encrypted communications, including but not limited to Signal, Telegram, WhatsApp, and Gabb.

**Argument**

4.  The defense, in large part, agrees with the proposed language of the government. However, for the sake of clarity and to limit overly broad restrictions, the defense submits the two following amendments to the aforementioned proposal:

    a.  The verbiage of "in support of" be removed; and

    b.  That Mr. Hamad's preclusion of use of communication platforms be limited only to those that result in the automatic deletion of messages, such as Signal.

5.  First, the "in support of" language lends itself to preventing Mr. Hamad from legitimate news sources that may offer neutral or varying perspectives of the ongoing Israeli-Palestinian war, e.g., an interview done by "60 Minutes" with a Hezbollah commander or an Al Jazeera report regarding civilian life in the midst of this conflict.

6.  As such, the defense is agreeable to the "produced by" language but the "in support of" phrasing still keeps Mr. Hamad in an area of vagueness, which ultimately lends itself to a lack of proper notice, thereby setting circumstances that could easily lead Mr. Hamad to failure instead of success.

7.  Second, to the extent that the government is concerned about Mr. Hamad using specific communication platforms to engage in illicit activity, such conduct is already prohibited by the condition that Mr. Hamad cannot

commit any local, state, or federal crimes. Therefore, prohibiting him from utilizing such platforms to prevent such an outcome is unnecessarily redundant.

8. Additionally, certain communication applications, like WhatsApp have legitimate purposes, which include connecting with people through a cost-effective way.

9. In Mr. Hamad's case, he has family members in Lebanon, who are civilians, that he may not otherwise be able to inquire after their safety and well-being without the use of free messaging communication platforms, such as WhatsApp.

10. As such, the defense submits that the prohibition of use of any encrypted messaging application is unduly restrictive against Mr. Hamad.

11. Rather, the defense submits that a reasonable alternative would be for Mr. Hamad to not use any communication platform that automatically deletes messages, such as Signal.

WHEREFORE, for the foregoing reasons, Mr. Hamad respectfully requests that the language regarding his conditions of pretrial release be tailored to remove the verbiage of "in support of" and only limits his use of communication platforms that delete messages upon delivery and/or receipt.

Respectfully submitted,

*/s/ Yemi T. Olaiya*
Yemi T. Olaiya
Assistant Federal Public Defender